UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EMMANUEL SOSA ROJAS,

Petitioner,

v.

WARDEN FACILITY ADMINISTRATOR, other, Northwest Processing Center,

Respondent.

Case No. C26-3851-RSM

ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner's habeas corpus petition under 28 U.S.C. § 2241. Dkt. #1. Filing *pro se* on October 9, 2026, Petitioner argues that his detention is unlawful in violation of his constitutional right to due process. *Id.* Petitioner requests immediate release from detention. *Id.*

On October 9, 2026, the Court issued a scheduling order, directing the Government to show cause as to why the petition should not be granted no later than October 23, 2026. Dkt. #4. Recently, the Court was informed that if no attorney from the United States Attorney's Office appears in an immigration habeas proceeding within seven court days of the scheduling order, the Court may assume that no response to the petition will be filed, and the Court should proceed to adjudicate the merits of the petition. *See Contreras Garcia v. Facility Adm'r, Nw. Ice*

*Processing Ctr.*, No. C26-4156-KKE, 2026 WL 3381534, at *1 n.1 (W.D. Wash. Nov. 7, 2026). Here, the Government did not respond. However, as an interested party, the Government filed notice that it does not oppose the petition. Dkt. #6.

"In our adversarial system of adjudication, we follow the principle of party presentation." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (internal citation omitted). "[I]n both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame issues for decision and assign to courts the role of neutral arbiter of matter the parties present." *Id*. "[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them[] and are responsible for advancing the facts and argument entitling them to relief." *Id*. at 375-76 (internal citation omitted).

Here, Petitioner argues that the failure of due process surrounding his arrest and detention warrants his release. Dkt. #1. Many courts within this circuit have accepted this argument in similar cases. With full access to the facts relevant to Petitioner's detention, the Government has not offered any argument to challenge his petition. "Under these circumstances, 'the Court is not duty-bound to go find a reason for them—indeed the party presentation principle requires it to do the opposite.'" *Contreras Garcia*, 2026 WL 3381534, at *1 (quoting *Ponzon Deroy v. Warden*, No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). "The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [Petitioner] raised." *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017). "As numerous other courts have found in such circumstances, the petition should be granted based on the Government's 'failure to oppose the primary relief sought.'" *Contreras Garcia*, 2026 WL 3381534, at *1 (quoting *Ponzon Deroy*, 2026 WL 3132157, at *2 ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects;

it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.”)). Accordingly, the Court finds that the Government has failed to meet its burden to show cause as to why the petition should not be granted and will grant the petition. *See, e.g.*, *Contreras Garcia*, 2026 WL 3381534, at *1-2; *Charles Alexander Ponzon Deroy v. Warden*, No. C26-5972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026) (citing similar cases); *Singh v. Mullin*, No. C26-4134-KKE, 2026 WL 3409217, at *2 (W.D. Wash. Nov. 10, 2026).

Having considered the petition and remainder of the record, the Court hereby finds and ORDERS that Petitioner’s habeas petition, Dkt. #1, is GRANTED. Petitioner shall be released **no later than November 16, 2026**, and shall not be re-detained without adequate notice and a meaningful opportunity to respond. Copies of this order shall be sent by email to the Government addresses provided by the USAO:

ICE OPLA: OPLASeattlefedlit@ice.dhs.gov;

ICE ERO: TacomaLEOs@ic.dhs.gov;

EOIR: OCIJ.Habeas.Orders@usdoj.gov.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party’s last known address. This case is CLOSED.

DATED this 13th day of November, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE